UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
                                                           :
ANTHONY JOSEPH RUSSO,                                      :  **MEMORANDUM**
                                                           :  **DECISION AND ORDER**
                              Petitioner,                  :
                                                           :  15-cv-0048 (BMC)
         - against -                                       :
                                                           :
UNITED STATES OF AMERICA,                                  :
                                                           :
                              Respondent.                  :
---------------------------------------------------------- X

**COGAN**, District Judge.

Having had his conviction affirmed on direct appeal; his habeas corpus motion under 28 U.S.C. § 2255 denied on the merits; and his motion to the Court of Appeals for leave to file a second habeas corpus motion based on newly discovered evidence denied, petitioner now seeks to assert the same newly discovered evidence in a motion for habeas corpus relief in this Court pursuant to 28 U.S.C. § 2241 and § 2255(e). Since the Court of Appeals has already considered and rejected petitioner's claims, I deny his motion as well.

## BACKGROUND

Following his trial in 1994, petitioner was convicted of racketeering and racketeering conspiracy; murder and conspiracy to commit murder; conspiracy to commit extortion; and using firearms in furtherance of these crimes. He was sentenced to life imprisonment. These crimes were committed in connection with the "Colombo Family War," see generally United States v. Persico, 645 F.3d 85, 90-91 (2d Cir. 2011), and petitioner's involvement was, in significant part, to participate in the murder and murder conspiracy of John Minerva and Michael Imbergamo.

After significant post-trial motion practice, the Second Circuit affirmed his conviction for these crimes. United States v. Orena, 145 F.3d 551 (1998). Petitioner then filed a petition for habeas corpus relief under 28 U.S.C. § 2255, which was denied on November 24, 2004. See Russo v. United States, No. 03 Civ. 2444 (E.D.N.Y. Nov. 24, 2004).

On or about March 21, 2013, petitioner filed a motion in the Second Circuit for leave to commence a second or successive habeas corpus motion in the district court. The ground for the motion was that petitioner had obtained newly discovered evidence that was not previously available to him, and that evidence showed that he was actually innocent of the Minerva-Imbergamo homicides. The newly discovered evidence consisted of a cooperator's testimony elicited in a trial before me in 2012, see United States v. Cacace, 796 F.3d 176 (2d Cir. 2015); an affidavit that petitioner obtained from an imprisoned Colombo family member, relating double hearsay that petitioner's brother told the once-removed declarant not to involve petitioner in the subject murder; and a consensual recording that captured another Colombo family member saying to the cooperator that petitioner had nothing to do with the murder.[2] Petitioner contended that he was entitled to a new trial either under the standard for a second or successive habeas corpus motion under § 2255(h)(1), or the standard for relief for a free-standing actual innocence claim set forth in House v. Bell, 547 U.S. 518, 126 S. Ct. 2064 (2006).

The Second Circuit rejected both arguments in denying leave to file a second or successive motion. Specifically, the Circuit held:

> Even assuming Petitioner's cited evidence constitutes "newly discovered evidence" within the meaning of § 2255(h)(1), he has not demonstrated that, if proven and viewed in light of the evidence as a whole, it would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would

---

[2] Petitioner also asserted, as he does in the instant motion, that the Government's failure to earlier disclose some of this evidence to him constituted a violation of Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963).

2

> have found him guilty of the underlying offenses. For the same reason, Petitioner
> has not stated a valid freestanding innocence claim because, assuming that
> petitioner may assert such a claim, he has failed to demonstrate that, "in light of
> new evidence, 'it is more likely than not that no reasonable juror would have
> found [him] guilty beyond a reasonable doubt.'" House v. Bell, 547 U.S. 518,
> 536-37 (2006) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)); see also id. at
> 555 (stating that, even assuming that petitioner may assert a freestanding actual
> innocence claim, he must make an " 'extraordinarily high'" threshold showing,
> and "at the least" offer "more convincing proof of innocence than [under] Schlup"
> (quoting Herrera v. Collins, 506 U.S. 390, 417 (1993))). Finally, Petitioner does
> not rely on a new rule of constitutional law in support of his claims.

Russo v. United States, No. 13-1052, at 1–2 (2d Cir. Apr. 16, 2013).

After denial by the Circuit of his motion for leave to file a second or successive motion for habeas corpus relief, petitioner filed the instant motion in this Court. It seeks the same relief – vacatur of his conviction – based on the same newly discovered evidence and actual innocence theory that he presented unsuccessfully to the Circuit. Petitioner has described his current motion as arising under 28 U.S.C. §§ 2255(e) and 2241.[3]

## DISCUSSION

When the Court of Appeals denies a defendant leave to file a second or successive motion for a writ of habeas corpus under 28 U.S.C. § 2255(h)(1) – whereby the motion proffers "newly discovered evidence" that the defendant is actually innocent – section 2241 does not give him the right to reassert that argument in the district court based on the very same newly discovered evidence. Congress has defined the quality of newly discovered evidence that a defendant must demonstrate to warrant habeas corpus relief in a second or successive motion: evidence that, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the

---

[3] Petitioner first brought his motion under Federal Rule of Civil Procedure 60(b), but later clarified that he was not seeking relief under Rule 60.

3

movant guilty of the offense." 28 U.S.C. § 2255(h)(1). If the Court of Appeals denies leave because it finds that this standard has not been met, then the district court cannot reach a contrary conclusion. See United States v. Ortiz, 962 F. Supp. 2d 565, 575 (S.D.N.Y. 2013) ("Ortiz argues that, on direct appeal, the Second Circuit failed to give his arguments a 'full, complete, and meaningful review' . . . [but in] my role as a district court judge, I cannot review the decision of the Court of Appeals."); Pri-Har v. United States, 215 F. Supp. 2d 404, 406–07 (S.D.N.Y. 2002) ("This Court . . . cannot, and will not, review the discretionary decision of the Second Circuit.") (collecting cases to the same effect).

Petitioner seeks to avoid this result by asserting that the standard for reviewing his actual innocence claim is lower than that set forth by Congress in § 2255(h)(1), and that the correct standard for actual innocence claims is that of a preponderance of the evidence, set forth by the Supreme Court in House. See House, 547 U.S. 518, 536–37. His argument is that there is a theoretical possibility under Triestman v. United States, 124 F.3d 361, 364 (2d Cir. 1997), that a petitioner might not qualify for relief under § 2255(h)(1) – and therefore have his motion to file a second or successive petition denied by the Circuit – yet still have an actual innocence claim which merits review. However, petitioner's argument fails for at least two reasons.

First, the Court of Appeals, in rejecting petitioner's motion for leave, did not confine itself to § 2255(h)(1). It specifically held not only that petitioner's newly discovered evidence was insufficient to warrant relief under that section, but it also held that "[p]etitioner has not stated a valid freestanding innocence claim because, assuming that petitioner may assert such a claim, he has failed to demonstrate that, 'in light of new evidence, it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" Russo v. United States, No. 13-1052, at 2. The Court of Appeals thus expressly considered the theory of actual

4

innocence under House that petitioner is asserting here, and rejected it. I am no less bound to follow that alternative holding than I am bound to follow the Court of Appeals' holding rejecting relief under § 2255(h)(1).

Second, even if the Court of Appeals had not rejected petitioner's House theory, Triestman, and later Cephas v. Nash, 328 F.3d 98 (2d Cir. 2003), addressed a problem not present here. In both of those cases, there had been an alleged change in the substantive law – as a matter of statutory interpretation – that arguably made those petitioners actually innocent. Because those cases pertained to a matter of a new statutory interpretation, they did not fall within § 2255(h)(2), which only allows leave for a second or successive petition if there is a new *constitutional* rule, not a new statutory interpretation. Nor were there contentions in either case of newly discovered evidence under § 2255(h)(1). The Court found that this "gap" in § 2255(h), which if not addressed could have resulted in the continued imprisonment of a defendant who was not guilty under a statute as newly construed, could warrant review under 28 U.S.C. § 2241 via the "savings clause" under § 2255(e).[4]

In the instant case, as the Court of Appeals held, petitioner has not met the standard for advancing a claim based on newly discovered evidence as set forth in § 2255(h)(1). That is, indeed, a more demanding standard than the actual innocence standard set forth in House. But that is because House was dealing with an initial petition, not a second or successive petition. I see no restriction on Congress' power to set the standard of proof for obtaining the great writ any more than on its power to limit second or successive petitions at all. Setting the standard of

---

[4] The savings clause states that a petition shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see Cephas, 328 F.3d at 104.

5

proof can be a legislative function if Congress addresses it, and it need not accept a preponderance standard for habeas corpus relief, at least where a defendant has already been found guilty beyond a reasonable doubt. Indeed, the effect of petitioner's theory – that he only needs to meet the House standard because he is claiming actual innocence – would be to render § 2255(h)(1) entirely superfluous in all actual innocence cases.[5]

Petitioner's final attempt to reassert that which the Second Circuit has already rejected is to contend that the Second Circuit's procedures in reviewing his motion for leave amount to a denial of due process. He argues that the form provided for motions for leave to file a second or successive petition is in adequate because, per its instructions, that particular form is required and that the movant "may use additional pages only to explain additional grounds for relief and facts that support those grounds. Separate petitions, motions, briefs, arguments, etc. should not be submitted." As part of his argument of constitutionally inadequate gatekeeping procedures, petitioner notes that the Second Circuit practice is more restrictive than that employed by other Circuits, and more restrictive than what may be submitted to the district court on an initial petition for habeas corpus. He also argues that the gatekeeping decisions are not transparent or searchable.

This is a peculiar point coming from a litigant who acknowledges that he *did* attach additional pages to the necessary form, and also obtained leave to submit a memorandum of over

---

[5] In fact, my view is that if Congress wanted to legislatively overrule House by setting the same standard for initial petitions as it has for second or successive petitions, it could. The "more likely than not" standard of proof set forth in Schlup and House was not stated in terms of it being a constitutional requirement, but as the gateway showing necessary to proceed on procedurally defaulted claims. See House, 547 U.S. at 554, 126 S. Ct. at 2086; see also id. at 555, 2087 (noting that the freestanding innocence claim, if existing, is at least a higher standard than that in Schlup).

6

50 pages in length.[8] He parries these facts by speculating that the Circuit may not have read the brief given the truncated rules for motion practice. I am not going to engage in that speculation. The procedures afforded here provided petitioner with more than a sufficient opportunity to make his case in a manner compatible with due process, and I see no reason to assume that the Second Circuit gave constitutionally-short shrift to his motion.

## CONCLUSION

The motion is denied. A certificate of appealability shall not issue as no substantial constitutional issue has been raised. See 28 U.S.C. § 2553.

**SO ORDERED.**

                                                                                         _____
                                                                                         U.S.D.J.

Dated: Brooklyn, New York
            April 25, 2016

---

[8] It is unclear whether petitioner himself requested to file the brief, or whether the Circuit requested it of him, but in either case, petitioner was permitted to file, together with the form, a memorandum of law and supporting affidavits.