```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
ANTHONY RUSSO,                                              :   **ORDER**
                                   Petitioner,              :
                                                            :   15-cv-0048 (BMC)
               - against -                                  :
                                                            :
UNITED STATES OF AMERICA,                                   :
                                                            :
                                   Respondent.              :
                                                            :
----------------------------------------------------------- X
```

Petitioner's motion to alter or amend the judgment is granted in part, to the extent my Memorandum Decision and Order of April 25, 2016 (the "Order") contained non-substantive errors. The Court will rule on the issue of sealing after further briefing from the parties. The remainder of petitioner's motion is denied for the following reasons:

1. The few ministerial factual errors to which petitioner points would not have changed my decision, and therefore do not support altering my original determinations. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (motion for reconsideration must point to matters overlooked that "might reasonably be expected to alter the conclusion reached by the court"); Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) . To the extent that petitioner attempts to reargue the facts, such an argument is not proper on a motion for reconsideration. See United States v. Sessa, No. 92-CR-351 ARR, 2011 WL 867175 (E.D.N.Y. March 8, 2011); Alvarado v. City of New York, 482 F. Supp. 2d 341 (S.D.N.Y. 2007).

2. Petitioner contends that the Court misapprehended the nature of the newly discovered evidence that he contends establishes his innocence by any applicable standard.

However, it appears that petitioner has misapprehended the basis for my denial, which was based not on the merits of the facts as presented by petitioner, but on this Court's – and any district court's – inability to decline to follow a decision of the Court of Appeals for its Circuit in the same case. The Second Circuit had already considered the newly discovered evidence presented by petitioner in his motion for leave to file a second or successive habeas petition. The Second Circuit found it inadequate. As held in my Order, a district court does not have the power to review decisions and findings of the Second Circuit. See United States v. Ortiz, 962 F. Supp. 2d 565, 575 (S.D.N.Y. 2013); Pri-Har v. United States, 215 F. Supp. 2d 404, 406–07 (S.D.N.Y. 2002) (collecting cases). The procedure established by the Antiterrorism and Effective Death Penalty Act ("AEDPA") prevents petitioner from bypassing the Second Circuit to obtain review of a second or successive petition before the district court, much less a petition on the same grounds already rejected by the Circuit.

3. The Supreme Court decision cited by petitioner, Felker v. Turpin, 518 U.S. 651, 116 S. Ct. 2333 (1996), is not to the contrary. The Court, on review of the Eleventh Circuit's denial under § 2244(b) of a petitioner's motion for leave to file a second or successive petition, regarded the gatekeeping procedure codified in AEDPA as "well within the compass" of the abuse of the writ doctrine, and held that the added restrictions "do not amount to a 'suspension' of the writ contrary to Article I, § 9 [of the U.S. Constitution]." Id. at 664, 2340. The Supreme Court's decision did not require transparency for the purpose of public review of successive habeas petitions. The Felker concurrence cited by petitioner – which does not establish any precedent that this court must follow – discusses the reviewability of petitions by the courts, not transparency for the public. Id. at 666–67, 2341–42.

4.      Further, as noted in the Order, I will not speculate that the Second Circuit failed to review petitioner's submissions as carefully as he would have liked. I found that the procedures afforded in this Circuit provided petitioner with "more than a sufficient opportunity to make his case in a manner compatible with due process." Therefore, petitioner has not presented me with a clear error of law justifying alteration of my original determinations.

5.      Insofar as petitioner alleges that the Court misstates the legal bases on which petitioner sought relief, petitioner's own brief makes it clear that the Court correctly interpreted petitioner's habeas motion as seeking relief under the savings clause of 28 U.S.C. § 2255(e). The decision discusses at length the significance of Triestman v. United States, 124 F.3d 361 (2d Cir. 1997), on which petitioner relied in his original motion and again in his motion for reconsideration. That the Order did not adopt petitioner's interpretation of the law does not justify reconsideration of the motion. See Sessa, 2011 WL 867175, at *1; Alvarado, 482 F. Supp. 2d at 343.

6.      Petitioner alleges that, "[a]t a minimum," a certificate of appealability should issue so that the Second Circuit can (1) "review the complete record of proceedings in support of [petitioner's] newly discovered evidence and actual innocence claims" and (2) "address a significant question of first impression nationwide: the first challenge to the constitutionality of the successive habeas procedures applicable to all federal inmates under the gatekeeping provisions of AEDPA . . . since the Supreme Court deemed these newly enacted provisions constitutional." As noted above and in the Order, neither ground justifies a certificate of appealability, which is issued in cases where a petitioner makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2553; Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029 (2003); Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000). Petitioner has not

made such a showing. Sometimes an issue is of first impression because it is creative and important; sometimes it is of first impression because no one else would raise an issue as to which all reasonable jurists would agree is without merit. My view is that where the gatekeeping procedures of AEDPA plainly gave petitioner a full and fair opportunity to make his case for granting leave to file a successive petition, petitioner's issue falls into the latter category.

7.  As to petitioner's request to unseal all the submissions, the Court has not granted any motion to seal documents in this case. It appears that petitioner's initial motion, at docket number 1, is publicly available, and therefore the Court need not determine whether that document should be sealed. As to the remaining documents which were filed under seal by the parties without leave of court, including documents filed by petitioner, the parties are ORDERED to confer and submit proposed redactions agreed upon by both parties, proposed redactions disputed by the parties, and the justification for sealing those portions of the record, within 3 weeks of the date of this Order. Since the Government is usually the proponent of sealing, it will have to justify the continued sealing of any portions of this docket.

8.  The Order is amended in the following respects: The caption is changed to correctly reflect petitioner's name as "Anthony Russo"; the discussion of affidavit evidence on page 2 of the Order is amended to read "petitioner's cousin" instead of "petitioner's brother"; and footnote 8 on page 7 of the Order is amended to read, "Regardless of whether petitioner himself requested to file the brief, or whether the Circuit requested it of him, petitioner was permitted to file, together with the form, a memorandum of law and supporting affidavits."

A certificate of appealability shall not issue as no substantial constitutional issue has been raised.  See 28 U.S.C. § 2553.  *In forma pauperis* status is denied for purposes of an appeal as an appeal would not be taken in good faith.

**SO ORDERED.**

                                                                    U.S.D.J.

Dated: Brooklyn, New York
       June 1, 2016